UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES PARRISH HADDOX,<br><br>Plaintiff,<br><br>v.<br><br>DEBBIE MEIER, CHRIS NEWTON,<br><br>Defendants. | CAUSE NO. 1:23-CV-461-PPS-JEM |

OPINION AND ORDER

James Parrish Haddox, a prisoner without a lawyer, filed a complaint raising claims about events which occurred in the Huntington County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Haddox alleges that on April 14, 2023, he asked Jail Commander Debbie Meier to transport him to the Whitley County Circuit Court for a hearing in *State v. Haddox*, 92C01-1609-F5-59 (Whitley Circuit Court filed September 12, 2016). ECF 1 at ¶ 1. He alleges she violated his rights by not doing so. Prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). However, "only if the defendants'

conduct prejudices a potentially meritorious [claim] has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Proceedings in state court are proper subjects of judicial notice. *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). The docket sheet from the proceedings of his Whitley County criminal case show he pleaded guilty and was sentenced in 2017. *See* https://public.courts.in.gov/mycase. Almost five years later, he was charged with a probation violation. A warrant/body attachment was issued on February 14, 2023. Nothing else happened in that case in 2023. The court did not set a hearing; Haddox did not miss a hearing; there was no reason for Commander Meier to transport him to the Whitley Circuit Court in 2023.

Haddox alleges that on June 25, 2023, he gave Commander Meier a work release form, but she did not pass it along to Community Corrections. ECF 1 at ¶ 2. He alleges she told him he was not eligible for work release because he had a hold. That is likely a reference to the body attachment issued by the Whitley Circuit Court. It is unclear why Haddox believed he could be on work release while he had a hold from Whitley County. If he was eligible, it is unclear why his criminal defense attorney did not pursue it. It is clear from the docket sheet for *State v. Haddox*, 35C01-2302-F5-35 (Huntington Circuit Court filed February 6, 2023), that he was being held pending trial on a $60,000 bond which the court had recently refused to reduce. *See* https://public.courts.in.gov/mycase. There is no reference to work release or community corrections on that docket sheet. Haddox has not plausibly alleged that he was eligible for work release or that he suffered any injury because of his work release form not being given to Community Corrections by Commander Meier.

Haddox alleges that on multiple occasions, he asked Commander Meier for a pen and copies so he could pursue federal litigation. ECF 1 at ¶ 3. He alleges she refused or directed him to other staff. There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Marshall*, 445 F.3d at 968. Haddox may be alleging his litigation was delayed because he was unable to obtain a pen or copies from Commander Meier as quickly as he wanted them, but "a delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). This case is one of three federal lawsuits Haddox filed in 2023. There is no indication he suffered any actual substantial prejudice to his federal litigation.

Haddox alleges when Commander Meier learned he was helping other inmates sue the Huntington County Jail and was going to sue her, she threatened "to move me cell blocks away from people who also know the laws." ECF 1 at ¶ 3. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). "When the alleged retaliatory act is a defendant's speech, the plaintiff must show that the speech in question rose to the level of threat, coercion, intimidation, or profound humiliation." *Deeren v. Anderson*, 72 F.4th 229, 235 (7th Cir. 2023) (quotation marks and citation

3

omitted). "Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Douglas*, 964 F.3d at 648. Here, Haddox has not plausibly alleged that the threatened move would "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Merely being moved away from others who also know the law is not a significant punishment that would dissuade a reasonable person from continuing to exercise his First Amendment rights.

Haddox alleges Commander Meier and Sheriff Chris Newton allowed him to be observed by camera while he is in the shower and on the toilet. ECF 1 at ¶ 4. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). Here, there is no indication that observing Haddox was punishment. The obvious reason for observing inmates is safety and security. Using cameras is not excessive in relation to that purpose.

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After *Wolfish* and *Hudson*, monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.
>  . . .

4

> Surveillance of prisoners is essential, as *Wolfish* establishes. Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance. Male guards and female guards too . . ..
>
> . . .
>
> [F]emale guards . . . see male prisoners in states of undress. Frequently. Deliberately. Otherwise they are not doing their jobs.

*Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995).

Haddox alleges Commander Meier "approved write-ups for false violations of Jail Rules on multiple dates in retaliation for this suit against her." ECF 1 at ¶ 5. This allegation is too vague to state a claim. Without facts about what write-ups, for what, when, and why Haddox believes they were false, it is impossible to assess whether this lawsuit was a motivating factor and whether a reasonable inmate would have been dissuaded from continuing to pursue First Amendment activities. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do

better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Haddox believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS James Parrish Haddox until **June 13, 2024**, to file an amended complaint; and

(2) CAUTIONS James Parrish Haddox if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED:  May 9, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT