UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES PARRISH HADDOX, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-461-PPS-AZ |
| DEBBIE MEIER, CHRIS NEWTON, CLINT, and RABER, | |
| Defendants. | |

OPINION AND ORDER

James Parrish Haddox, a prisoner without a lawyer, filed an amended complaint alleging guards at the Huntington County Jail made sexual comments to him. ECF 14. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Prison Rape Elimination Act (PREA) was enacted to protect the rights of prisoners by "establish[ing] a zero-tolerance standard for the incidence of prison rape," 34 U.S.C.A. § 30302(1), but "PREA does not provide a private right of action." *Hallett v. Gould*, No. 1:23-CV-350-HAB-SLC, 2024 WL 1885780, at *3 (N.D. Ind. Apr. 29, 2024); *see*

*also Scruggs v. Nolen*, No. 3:23-CV-669-DRL-MGG, 2024 WL 1796542, at *1 n.1 (N.D. Ind. Apr. 24, 2024); *Dodd v. Indiana Dep't of Corr.*, No. 3:22-CV-322-DRL-MGG, 2023 WL 34638, at *3 (N.D. Ind. Jan. 3, 2023); *Scruggs v. Williams*, No. 3:21-CV-905-JD-MGG, 2022 WL 1605257, at *4 (N.D. Ind. May 20, 2022); *Coonce v. Martin*, No. 3:21-CV-60-JD-MGG, 2021 WL 2686420, at *1 (N.D. Ind. June 30, 2021); *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021); and *Fleming v. Indiana Dep't of Corr.*, No. 3:19-CV-646-DRL-MGG, 2020 WL 7629090, at *2 (N.D. Ind. Dec. 21, 2020).

Haddox alleges Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber made sexual comments to him and comments about his body while he was in the Huntington County Jail from February 5, 2023, to February 1, 2024. He says these comments were made both while he was awaiting trial and after he was convicted. Filings in *State v. Haddox*, 35C01-2302-F5-000035 (Huntington Circuit Court, filed February 6, 2023),[1] show that he was sentenced on September 25, 2023. Before that date, he was a pre-trial detainee. On that date, he became a convicted felon.

The rights of convicted prisoners are protected by the Eighth Amendment whereas the rights of pretrial detainees are protected by the Fourteenth Amendment. *Pittman v. Madison Cnty., Illinois*, 108 F.4th 561, 566 (7th Cir. 2024). These allegations state a claim under both. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions

---

[1] I am permitted to take judicial notice of the electronic docket of the State court, available at https://public.courts.in.gov/mycase/, in determining whether the complaint states a claim. *See* Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). Under the Eighth Amendment, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). However, it can when it rises to the level of mental torture. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). This complaint states a claim against Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber.

    Haddox alleges Sheriff Chris Newton is also liable to him because the Sheriff did not respond to letters complaining about the sexual comments directed toward him. However, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. "[P]rison officials who reject [or fail to respond to] prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

Haddox will be granted leave to proceed against Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber, but under 42 U.S.C. § 1997e(e), only for nominal[2] and punitive damages because he has not alleged a physical injury. *Hacker v. Dart*, 62 F.4th 1073, 1078-79 (7th Cir. 2023) (Prisoners must make a "prior showing" of physical injury or the commission of a sexual act[3] before recovering compensatory damages for mental or emotional injuries.)

For these reasons, the court:

(1) GRANTS James Parrish Haddox leave to proceed against Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber in their individual capacities for nominal and punitive damages for making sexual comments to him and comments about his body while he was in the Huntington County Jail from February 5, 2023, to February 1, 2024, in violation of the Eighth and Fourteenth Amendments;

(2) DISMISSES all other claims;

(3) DISMISSES Chris Newton;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful

---

[2] "[N]ominal damages not to exceed one dollar . . .." *Carey v. Piphus*, 435 U.S. 247, 267 (1978).

[3] "[T]he term "sexual act" means--(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]" 18 U.S.C.A. § 2246(2).

4

means to locate and serve process on) Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber at the Huntington County Jail, with a copy of this order and the amended complaint (ECF 14);

(5) ORDERS the Huntington County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October 24, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5