UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES PARRISH HADDOX, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-461-PPS-AZ |
| DEBBIE MEIER, et al., | |
| Defendants. | |

OPINION AND ORDER

James Parrish Haddox, a prisoner without a lawyer, is proceeding in this case "against Jail Commander Debbie Meier, Jailer Clint, and Jailer Raber in their individual capacities for nominal and punitive damages for making sexual comments to him and comments about his body while he was in the Huntington County Jail from February 5, 2023, to February 1, 2024, in violation of the Eighth and Fourteenth Amendments[.]" ECF 16 at 4. The defendants filed a motion for summary judgment, arguing Haddox did not exhaust his administrative remedies before filing this lawsuit. ECF 28. Haddox filed a response, and the defendants filed a reply. ECF 45, 46. Summary judgment is in order because undisputed facts show that Haddox did not exhaust the administrative remedies that were afforded to him by the Huntington County authorities.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must be* dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). Thus, to exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Jail Commander of the Huntington County Jail ("HCJ"), a copy of the jail's Inmate Grievance Policy, and a copy of Haddox's grievance records, which show the following facts: Haddox was provided a written copy of the Inmate Grievance Policy when he arrived at HCJ, and was also able to access the policy at all times through the cell-block computer kiosk. ECF 29-1 at 2. The Inmate Grievance Policy provides inmates with a system of redress for all "conditions related to confinement," which includes "interaction with corrections officers[.]" *Id.* at 2, 25. The policy provides three steps for an inmate to exhaust before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the Jail Commander; and (3) a Level II appeal to the sheriff. *Id.* at 3-4, 25-27. The policy specifies that HCJ "will only accept grievances made through the inmate Kiosk system." *Id.* at 3, 25. It is plain that Haddox knows how to use the prison grievance system; he submitted approximately 32 formal grievances at HCJ through the inmate kiosk system. The problem is that none of Haddox's grievances related to his claim in this lawsuit that the defendants made sexual comments to him. *Id.* at 4, 29-62. Moreover, Haddox never fully exhausted any of these 33 grievances by submitting Level I and Level II appeals. *Id.*

The defendants argue summary judgment is warranted in their favor because the undisputed facts show Haddox never submitted any grievance related to his claim that they violated his constitutional rights by making sexual comments to him and comments about his body. ECF 29 at 11-12. In his response, Haddox concedes he never fully exhausted any relevant grievance through the Inmate Grievance Policy. I therefore accept that as undisputed. Nevertheless, Haddox argues he exhausted his

3

administrative remedies by submitting three "informal grievances" to the Huntington County Sheriff "via [l]etters sent through the mail." ECF 45 at 3-4. Because Haddox sent these "informal grievances" through the mail rather than the Kiosk system, they do not satisfy the requirements of the Inmate Grievance Policy, which provides that "[t]he Jail will only accept grievances made through the inmate Kiosk system." ECF 29-1 at 25. But Haddox argues these informal grievances nevertheless exhaust his administrative remedies because they satisfy the reporting requirement of the Prison Rape Elimination Act of 2003 ("PREA"). ECF 45 at 3-7.

Here, accepting as true that Haddox's informal grievances satisfy the PREA's reporting requirement, he provides no evidence any court has ever found that satisfying the PREA's reporting requirement is a valid substitute for exhausting a grievance under the PLRA. *See Lockett*, 937 F.3d at 1025 (noting the law takes a "strict compliance approach to exhaustion" by which inmates "must file complaints and appeals in the place, and at the time, the prison's administrative rules require"); *Poventud v. Saldaris*, No. 18-CV-532, 2020 WL 1046095, at *3 (E.D. Wis. Mar. 4, 2020) ("It does not appear that the Seventh Circuit Court of Appeals has addressed the issue of whether a PREA complaint exhausts an inmate's obligation to exhaust under the PLRA, though district courts in this circuit have found that it does not"); *Peace v. Kemper*, No. 14-CV-1416, 2016 WL 5793689, at *5 (E.D. Wis. Sept. 30, 2016) ("The plaintiff's statements during the PREA investigat[ion] do not constitute proper exhaustion" under the PLRA); *Rivera v. Corr. Officer Drake*, No. 09-C-1182, 2014 WL 12526621, at *1 (E.D. Wis. Feb. 11, 2014) (noting there is a "difference between exhaustion for PLRA purposes and verbally

4

reporting an incident for PREA purposes"); *Parry v. Muller*, No. 18-CV-1394, 2018 WL 4027572, at *3 (S.D. Ill. Aug. 23, 2018) (the PREA does not provide an "alternative grievance process" to the PLRA).

While the Seventh Circuit has not yet addressed this issue, the Ninth Circuit has rejected the argument that the PREA excuses the PLRA's exhaustion requirement. *Porter v. Howard*, 531 Fed.Appx. 792, 793 (9th Cir. 2013) (rejecting the plaintiff's argument that the PREA excused his requirement to file a grievance under the PLRA). Thus, accepting as true that Haddox submitted informal grievances through the mail that satisfied the PREA's reporting requirement, he has not shown that this satisfies the PLRA's requirement that he exhaust a grievance through the Inmate Grievance Policy.

Accordingly, Defendants have provided undisputed evidence the Inmate Grievance Policy was available to Haddox but he never fully exhausted any relevant grievance. In response, Haddox does not argue or provide any evidence he exhausted any relevant grievance or his administrative remedies were in any way unavailable but instead only provides evidence he submitted informal grievances that did not comply with the Inmate Grievance Policy. Therefore, the defendants have met their burden to show Haddox had available administrative remedies he did not exhaust before filing this lawsuit. Summary judgment is warranted in their favor.

One more item needs to be addressed. Haddox recently sent a letter saying he did not "feel like this case is being taken as serious as it should by the court" and that sexual violence should "not just [be] shrugged off." ECF 47. I could not agree more and want to assure Mr. Haddox that I take this case very seriously. Though dismissed, it is

5

not because his allegations of sexual violence were shrugged off. Haddox says these events are "causing me a lot of mental health problems[.]" *Id.* It is beyond the scope of this case, but I sincerely hope he can find treatment and relief. Indeed, he has threatened to "go on a SHOOTING SPREE and be the next MASS SHOOTER," yet he also discusses non-violent options too. *Id.* It is clear from his letter that he knows brutality is wrong. I am going to send a copy of this order to the Westville Warden to let him know Haddox is looking for a constructive solution to the problems he is facing.

For these reasons, the court:

(1) GRANTS Defendants' motion for summary judgment (ECF 28);

(2) DIRECTS the clerk to enter judgment in favor of Defendants and against James Parrish Haddox and to close this case; and

(3) DIRECTS the clerk to send a copy of this order to the Warden of the Westville Correctional Facility.

SO ORDERED on July 24, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT